UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN S. ASHLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV621-083 |
| ) | |
| WYNITA SHARPE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Justin S. Ashley filed this 42 U.S.C. § 1983 case concerning "an altercation involving Ashley and other inmates that occurred on August 9, 2019." Doc. 14 at 2. The Court screened Ashley's original Complaint and found that it failed to state any claim upon which relief could be granted. *See id.* at 15. The Court could not discern any viable basis to amend those claims and recommended immediate dismissal. *Id.* at 15-16, 16 n. 3. Ashley objected to that recommendation and submitted "approximately thirty pages of material" expanding the eighty pages of factual allegations comprising his original Complaint. *See* doc. 19 at 1. The Court, therefore, vacated its recommendation of immediate dismissal and afforded Ashley an opportunity to amend his

1

Complaint. *Id.* at 2-3. The deadline for him to submit an Amended Complaint remains pending. *See id.* at 2 (directing submission of an Amended Complaint "no later than March 31, 2023."). Currently before the Court are two motions, one to appoint counsel and the other seeking what appears to be injunctive relief. *See* docs. 20 & 21.

The Motion to Appoint Counsel may be resolved with dispatch. Ashley's Motion requests court-appointed counsel principally because he suffers from various mental-health conditions. *See* doc. 20 at 2-3. Ashley has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl*

*v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). Finally, mental health diagnoses do not require appointment of counsel where it appears that a plaintiff is able to plead his case. *See Kidwell v. Wagoner*, 2011 WL 13175897, at * 1 (M.D. Fla. Feb. 11, 2011) (finding that *pro se* plaintiff asserting "mental disabilities" was not entitled to appointed counsel where, "based upon his pleadings, motions, and responses, it is clear that he is more than able to conduct this case.")

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need

such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Notwithstanding the Court's prior assessment of the merits of Ashley's claims, he has presented "the essential merits of his position" to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Ashley's motion is, therefore, **DENIED**. Doc. 20.

Ashley's second motion is considerably less clear. It is titled simply "Ex Parte."[1] Doc. 21 at 1. It requests the Court to order "plaintiff's custodian" to "allow [him] to access the $10.00 that are currently being held in [his] inmate account as 'reserved funds.'" *Id.* The funds are necessary, he says, for him to purchase postage to mail his amended complaint, which "will be approximately 100 pages in length," and, therefore, require postage in excess of what the prison will provide

---

[1] Whatever Ashely intended by titling his Motion "Ex Parte," it is not properly sealed or restricted from public view. *Cf. Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) ("The common-law right of access to judicial proceedings is an essential component of our system of justice and instrumental to securing the integrity of the process." (internal quotation marks and citation omitted)); *In re High Sulfur Content Gasoline Products Liability Litig.*, 517 F.3d 220, 231 (5th Cir. 2008) ("Ex parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature."); S.D. Ga. L. Civ. R. 79.7 (providing specific rules for requests to submit material under seal). The Clerk is **DIRECTED** to place the Motion on the Court's public docket. Doc. 21.

indigent inmates for legal mail at any one time. *Id.* The custodian in question, Warden Joe Williams, is not a named defendant in this case. *See generally* doc. 1.

Ashley's motion seems most properly construed as a request for injunctive relief against Warden Williams. The Federal Rules recognize two forms of preliminary injunctive relief—that is, an injunction issued prior to a final judgment on the merits of a plaintiff's claims—preliminary injunctions and temporary restraining orders. *See* Fed. R. Civ. P. 65. His request does not satisfy the requirements for either. *See* Fed. R. Civ. P. 65(a)(1) (preliminary injunction can only issue after notice), 65(b)(1) (listing specific requirements for issuing temporary restraining order without notice). Even if Ashley could correct the procedural defects, however, the Court lacks subject matter jurisdiction to enjoin a nonparty. Both the Supreme Court and the Eleventh Circuit have recognized that it is, generally, error for a district court to enter an injunction against a nonparty. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Infant Formula Antitrust Litig., MDL 878 v. Abbot Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995). Relevant to Ashley's particular request for injunctive relief, the Eleventh

Circuit has recently affirmed that "to the extent that [a *pro se* plaintiff] requested injunctive relief against officials at his prison who were not parties to the instant action, the district court lacked subject-matter jurisdiction to grant him the relief that he requested." *Jackson v. Baisden*, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022). Ashley's Motion should, therefore, be **DENIED**. Doc. 21.

Accordingly, Ashley's Motion to Appoint Counsel is **DENIED**. Doc. 20. His "Ex Parte" Motion, construed as a motion for a preliminary injunction or a temporary restraining order, should be **DENIED**. Doc. 21. Based on the allegations in Ashley's "Ex Parte" Motion, it seems clear that he is unable to meet the March 31, 2023 deadline for submission of his Amended Complaint. The Court will, therefore, extend that deadline *sue sponte* to permit him time to make the necessary arrangements to submit his Amended Complaint. *See* Fed. R. Civ. P. 6(b)(1)(A). Ashley is **DIRECTED** to submit his Amended Complaint no later than May 14, 2023.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 31st day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA